**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1

2

3

4

5

6

7

8                          UNITED STATES  DISTRICT COURT

9                          Northern District of California

10                                Oakland Division

| | |
|---|---|
| 11 PEOPLE OF THE STATE OF CALIFORNIA, EX REL., *et al.*, | No. C 10-03084 CW (LB) |
| 12                              Plaintiffs, | **ORDER RE 11/10/2011 DISCOVERY LETTER** |
| 13          v. | [ECF No. 148] |
| 14 FEDERAL HOUSING FINANCE AGENCY, *et al.*, | |
| 15 | |
| 16                              Defendants. _____ | No. C10-03270 CW (LB) |
| 17 COUNTY OF SONOMA, *et al.*, | (Related Case) |
| 18                              Plaintiffs, | |
| 19          v. | |
| 20 FEDERAL HOUSING FINANCE AGENCY, *et al.*, | |
| 21                              Defendants. _____ | |
| 22 SIERRA CLUB, | No. C. 10-03317 CW (LB) |
| 23                              Plaintiff, | (Related Case) |
| 24          v. | |
| 25 FEDERAL HOUSING FINANCE AGENCY, *et al.*, | |
| 26                              Defendants. _____ | |
| 27 | |

28

ORDER RE 11/10/2011 DISCOVERY LETTER
C 10-03084 CW (LB)

UNITED STATES DISTRICT COURT
For the Northern District of California

1   CITY OF PALM DESERT,                                    No. C. 10-04482 CW (LB)

2                          Plaintiffs,                       (Related Case)

          v.
3
    FEDERAL HOUSING FINANCE AGENCY,
4   *et al.*,

5                          Defendants.
    _____/
6

7                               **I.  INTRODUCTION**

8        The district court referred all discovery to United States Magistrate Judge Laurel Beeler.  ECF

9   No. 145 at 3.[1]  On November 10, 2011, the parties submitted a joint discovery letter in which they

10  discussed whether Plaintiffs[2] are entitled to a protective order vacating discovery served by the

11  Federal Housing Finance Agency ("FHFA"), staying further discovery, and vacating discovery

12  dates.  ECF No. 148 at 3.  The court conducted a hearing on the matter on December 8, 2011.

13                           **II.  BACKGROUND FACTS**

14       Plaintiffs' principal claims are for alleged violations of the Administrative Procedure Act, on

15  both procedural and substantive grounds based on FHFA's decision to no longer purchase mortgages

16  subject to a Property Assessed Clean Energy ("PACE") obligation.[3]  As to the procedural ground,

17  Plaintiffs allege that FHFA did not follow the notice-and-comment requirements of § 553 of the

18  APA.  *See, e.g.,* State of California's First Amended Complaint, ECF No. 33 at 18, ¶ 66.  On the

19  _____

20       [1]  Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
    number at the top of the document, not the pages at the bottom.
21

22       [2]  Plaintiffs consist of the State of California, County of Sonoma, and City of Palm Desert.

23       [3]  Under the PACE program, local governments use their power to assess and tax property to
    finance clean energy and water and energy efficiency improvements for homes and businesses.  The
24  government advances the money to the property owners who use it for the identified improvements.
    The property owners then pay for the improvements over time though regular installments on their
25  property tax bills.  According to Defendants, the PACE obligations run with the property and act as
    liens that take priority over mortgages, including preexisting first mortgages.  Based on this theory,
26  Defendants assert that the PACE liens pose risks to Freddie Mac and Fannie Mae because they
    reduce the value of their mortgage-related assets.  Plaintiffs contend that any such risk is minimal
27  and has tangible benefits (e.g., increased home value and lower energy bills, which reduce the risk
    of default by making it more likely homeowners will stay current with their mortgages).
28

    ORDER RE 11/10/2011 DISCOVERY LETTER
    C 10-03084 CW (LB)                          2

UNITED STATES DISTRICT COURT
For the Northern District of California

1    substantive ground, Plaintiffs argue that FHFA's decision is arbitrary, capricious and an abuse of

2    discretion. *Id.* at ¶ 63. FHFA moved to dismiss all of Plaintiffs' claims, asserting a list of

3    affirmative defenses such as lack of jurisdiction, standing, and mootness. *See generally*, ECF No.

4    49. With regard to all of the plaintiffs except for the Sierra Club, the district court denied FHFA's

5    motions to dismiss the APA and NEPA claims. ECF No. 129 at 42-43.

6        FHFA served discovery requests seeking material related to Plaintiffs' claim that the anti-PACE

7    directives are arbitrary and capricious in violation of the Administrative Procedure Act ("APA").

8    Joint Discovery Letter, ECF No. 148 at 3. FHFA's discovery requests sought information from

9    Plaintiffs concerning the operation of their PACE programs. *Id.* at 3-4. FHFA further asked the

10   Plaintiffs to produce all information that they would have submitted to the FHFA as comments had

11   the agency invoked a rule-making process. *Id.* at 4. FHFA subsequently offered to narrow its

12   requests to the financial information that supported Plaintiffs' analysis regarding the risks of the

13   PACE program. ECF No. 150-6 at 4.

14       Plaintiffs now seek a protective order that vacates the served discovery requests, stays further

15   discovery, and vacates all discovery dates in this matter. Joint Discovery Letter, ECF No. 148 at 3.

16                                    **III.  LEGAL STANDARDS**

17       The Federal Rules of Civil Procedure provide for liberal discovery. As a result, a party may

18   discover any matter relevant to a claim or defense. Fed.R.Civ.P. 26(b)(1). Relevance for discovery

19   purposes also is construed more broadly than it is for trial. "Relevant information need not be

20   admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

21   admissible evidence." *Id.* However, upon a showing of good cause, the court may limit the scope of

22   discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue

23   burden or expense." Fed.R.Civ.P. 26(c). The party or person seeking to limit its disclosures through

24   such a protective order has the burden of showing good cause. *Blankenship v. Hearst*, 519 F.2d 418

25   (9th Cir. 1975). Even where "good cause" is established, a court should balance the interests in

26   allowing discovery against the relative burdens that would be imposed. *In re Coordinated Pretrial*

27   *Proceedings in Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir.1982); *see also Wood*

28   *v. McEwen*, 644 F.2d 797, 801-802 (9th Cir. 1981).

1    Substantively, under Ninth Circuit law, an APA arbitrary-and-capricious claim fails "if the

2    agency 'considered the relevant factors and articulated a rational connection between the facts found

3    and the choices made.'" *Lands Council v. McNair*, 629 F.3d 1070,1074 (9th Cir. 2010) (quoting

4    *Arrington v. Daniels*, 5 16 F.3d 1 106, 1112 (9th Cir. 2008)).  Following from this, judicial review of

5    an agency decision typically focuses on the administrative record in existence at the time of the

6    decision. *Southwest Center for Biological Diversity v. United States Forest Service*, 100 F.3d 1443,

7    1450 (9th Cir. 1996).  However, under Ninth Circuit precedent, the court's review may be expanded

8    beyond the record if necessary to explain agency decisions under the following conditions "(1) if

9    necessary to determine whether the agency has considered all relevant factors and has explained its

10   decision, (2) when the agency has relied on documents not in the record, or (3) when supplementing

11   the record is necessary to explain technical terms or complex subject matter." *Id.* (internal citation

12   omitted).

13                                    **IV.  DISCUSSION**

14   Plaintiffs claim that responding to the requests would require Plaintiffs "to expend a

15   substantial amount of time and resources."  Joint Discovery Letter, ECF No. 148 at 4.  They argue

16   that judicial review must be based on the administrative record at the time.  *Id.* at 5.  They further

17   observe that there are no cases in which courts have allowed a defendant-agency to serve discovery

18   on plaintiffs and claim that the unique posture distinguishes this case from those in which courts

19   have allowed discovery beyond, or supplementation of, the administrative record.  *Id.* at 5-6.

20   Finally, Plaintiffs contend that the requested information may not be used to have the court conduct

21   a *de novo* review of the new information.  *Id.* at 7.

22   FHFA counters that, in Plaintiffs' allegations regarding FHFA's alleged failure to consider all

23   relevant factors, Plaintiffs put the materiality of the financial risk associated with PACE into issue

24   and also conceded that they have potentially relevant information in their possession, custody, and

25   control.  *Id.* at 8-9.  FHFA claims that the information is material because it would have been

26   relevant to FHFA's decision-making only if the analysis were sound.  *Id.* at 9.  FHFA also argues

27   that the financial information falls under two of the exceptions to the general rule against discovery

28   beyond the administrative record in an APA case: (1) the information is necessary so that the court

ORDER RE 11/10/2011 DISCOVERY LETTER
C 10-03084 CW (LB)                          4

1  can evaluate whether FHFA considered all relevant information and (2) the information is necessary

2  because of the technical and complex nature of the case. *Id.* at 10-11.

3      The court determines that there is no basis to allow FHFA to obtain discovery.  Instead, the court

4  observes that the district court's review of the agency decision can be confined to the administrative

5  record.  To the extent that Plaintiffs submitted letters that set forth their conclusions during the

6  decision-making process, FHFA was put on notice that this information existed.  Thus, based solely

7  on the record, the district court might determine that FHFA should have investigated the issue

8  further and that its failure to do so constituted a failure to consider all relevant information.  On the

9  other hand, given that the statements were basically naked assertions without data, the district court

10  could determine that FHFA considered the assertions, even if it just dismissed the assertions as

11  unsupported and, therefore, irrelevant to its decision-making.  Regardless, the district court could

12  make either of these two determinations without assessing whether Plaintiffs' specific analyses or

13  underlying data were sound.  Given this view, the underlying information is not relevant and there is

14  no reason to depart from the general rule that judicial review of an agency decision is limited to the

15  administrative record in existence at the time of the decision.

16      In the correspondence between the parties, FHFA appears most concerned that Plaintiffs might

17  try to introduce the underlying data to the district court to bolster their arguments that FHFA failed

18  to consider material information.  ECF No 150-4 at 2.  In their letter, Plaintiffs avoided stating

19  directly whether they intended to present this material to the district court.  ECF No. 150-5 at 2

20  (stating that Plaintiffs would use material subject to judicial notice); ECF No. 150-6 at 3 (asserting

21  that materials subject to judicial notice might include the information sought by the outstanding

22  discovery requests).  But, at the hearing, Plaintiffs confirmed that they will not present the

23  underlying data to the court.  Thus, there are no fairness concerns if the court denies FHFA's access

24  to the material.

25      Again, a trial court's inquiry focuses on the administrative record in an APA case, and the

26  undersigned sees no basis for departing from the general rule prohibiting additional discovery in

27  such cases.  Accordingly, Plaintiffs' request for a protective order is granted.

28                                    **IV.  CONCLUSION**

UNITED STATES DISTRICT COURT
For the Northern District of California

ORDER RE 11/10/2011 DISCOVERY LETTER
C 10-03084 CW (LB)                        5

UNITED STATES DISTRICT COURT
For the Northern District of California

1      For the foregoing reasons, the court **GRANTS** Plaintiffs' request for a protective order vacating

2   all discovery served by FHFA, denying discovery, staying all future discovery, and vacating all

3   currently-scheduled discovery deadlines.  If the district court determines that a protective order is

4   not warranted and that discovery should proceed, the undersigned recommends that the district court

5   accept the parties' proposed modifications to the discovery schedule.

6      **IT IS SO ORDERED.**

7   Dated: December 13, 2011

8                       LAUREL BEELER
                    United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE 11/10/2011 DISCOVERY LETTER
C 10-03084 CW (LB)        6