KAMALA D. HARRIS
Attorney General of California
SALLY MAGNANI
Senior Assistant Attorney General
JANILL L. RICHARDS (SBN # 173817)
Supervising Deputy Attorneys General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, California 94612-0550
 Telephone: (510) 622-2100
 Fax: (510) 622-2270
*Attorneys for People of the State of California, ex rel. Kamala D. Harris, Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA,** *ex rel.* **KAMALA D. HARRIS, ATTORNEY GENERAL,**<br><br>Plaintiff,<br><br>v.<br><br>**FEDERAL HOUSING FINANCE AGENCY;** et al.,<br><br>Defendants.<br><br>– and consolidated cases – | Case No. 10-cv-03084 CW (LB)<br><br>Consolidated Case Nos.:<br><br>10-cv-03270 CW (LB)<br>10-cv-03317 CW (LB)<br>10-cv-04482 CW (LB)<br><br>[~~PROPOSED~~] JUDGMENT |

This matter, which challenges certain actions taken by Defendants relating to Property Assessed Clean Energy Programs (PACE), originally was filed as four separate actions. All four matters have now been consolidated and, accordingly, the Court enters this single judgment to fully and finally dispose of all claims brought by all Plaintiffs against all Defendants. Plaintiffs in this action are: the People of the State of California, *ex rel.* Kamala D. Harris, Attorney General; the County of Sonoma, the County of Placer, the City of Palm Desert, and the Sierra Club. Defendants in this action are: the Federal Housing Finance Agency (FHFA); Edward J. Demarco, in his capacity as Acting Director of the Federal Housing Finance Agency; Federal Home Loan

Mortgage Corporation (Freddie Mac); Charles E. Haldeman, Jr., in his capacity as Chief Executive Officer of the Federal Home Loan Mortgage Corporation; Federal National Mortgage Association (Fannie Mae); and Michael J. Williams, in his Capacity as Chief Executive Officer of Federal National Mortgage Association.

By stipulation, all claims against Defendants Charles E. Haldeman, Jr. and Michael J. Williams, who were sued in their official capacities as Chief Executive Officers for Fannie Mae and Freddie Mac, were dismissed.

The Court hereby enters Judgment in favor of remaining Defendants on the following claims, each of which is dismissed with prejudice, for the reasons stated in the Court's August 26, 2011, Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, which is incorporated by reference:

That FHFA's actions violated the Constitution's Tenth Amendment Commerce Clause (Placer County only);

That FHFA's actions violated the Constitution's Spending Clause (Placer County only);

That Plaintiffs are entitled to a declaration that under California law, debt obligations created by PACE programs are assessments, not loans (California, Sonoma County and Placer County); and

That Plaintiffs are entitled to relief under state law, specifically:

That Fannie Mae's and Freddie Mac's actions constituted unfair business practices under California Business & Professions Code § 17200, *et seq.* (California only);

That Fannie Mae's and Freddie Mac's actions constituted negligent interference with prospective economic advantage (Placer County only);

That Fannie Mae's and Freddie Mac's actions constituted intentional interference with prospective economic advantage (Placer County only);

That Fannie Mae's and Freddie Mac's actions constituted intentional interference with contractual relations (Placer County only); and

That Fannie Mae's and Freddie Mac's actions constituted interference with prospective contractual relations (Sonoma County only).

The Court hereby enters Judgment in favor of Plaintiffs on the following claim for the reasons stated in the Court's August 9, 2012, Order Granting Plaintiffs' Motion for Summary Judgment, and Denying Defendants' Cross-Motion for Summary Judgment, which is incorporated by reference:

That FHFA failed to comply with required notice and comment procedures set forth in the Administrative Procedures Act (APA).

The Court declines to rule on the remaining claims, brought against FHFA under the APA and the National Environmental Policy Act, for the reasons stated in the Court's August 9, 2012 Order.

FHFA shall complete the notice and comment process ordered by this Court concerning PACE and publish a final rule no later than 210 days from the date of entry of this Judgment. FHFA shall submit to the Court a status report on the progress of its rulemaking by January 18, 2013. FHFA may seek a further extension of the deadline if, for good cause shown, FHFA requires additional time to conduct its rulemaking, and FHFA reserves its right to seek a stay of the deadline if the Ninth Circuit has not ruled on its appeal as the deadline approaches.

All parties shall bear their own costs.

The Court retains jurisdiction of this action as necessary to ensure compliance with this Judgment.

IT IS SO ORDERED.

Dated: 10/16/2012

CLAUDIA WILKEN
Chief Judge
United States District Court